UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN PRIOR | : | CIVIL ACTION NO.: 2:10-CV-1078 |
| | : | |
| | : | JUDGE:_____ |
| VERSUS | : | |
| | : | MAGISTRATE JUDGE: |
| IESI LA CORPORATION d/b/a | : | |
| COASTAL WASTE SERVICES | : | _____ |

NOW COMES, through undersigned counsel, Plaintiff JOHN PRIOR, a person of the full age of majority and resident of the Parish of St. Tammany, State of Louisiana who respectfully represents the following:

1.

Made defendant herein is IESI LA CORPORATION d/b/a COASTAL WASTE SERVICES (hereinafter "IESI") a foreign corporation doing business in the State of Louisiana, Parish of St. Tammany.

**JURISDICTION**

2.

Plaintiff PRIOR and Defendant IESI are diverse parties, plaintiff being a domiciliary of the State of Louisiana and defendant having its principal place of business in the State of Texas and incorporated in the State of Delaware.

3.

Plaintiff PRIOR earned in excess of $98,000.00 per year while employed by defendant and hereby sues under tort law and Louisiana Revised Statute 23 § 1361 which provides penalty wages of one year's salary plus attorney's fees thereby exceeding the jurisdictional limits required by this Court.

4.

Subject Matter Jurisdiction is proper in this Court pursuant 28 U.S.C. § 1332 based upon complete diversity of citizenship between plaintiff and defendant and a claim in excess of $75,000.00.

## EMPLOYMENT

5.

On or about November 24, 2008, Plaintiff JOHN PRIOR began employment with Defendant IESI as Divisional Manager.

6.

Plaintiff worked a regular full time work week.

7.

Plaintiff regularly worked at the Slidell, Louisiana office of Defendant IESI in the Parish of St. Tammany.

## PERSONAL INJURY

8.

On or about May 28, 2010, Plaintiff PRIOR participated in a counseling/advisory meeting with Steven Smith, PRIOR's direct supervisor and a subordinate employee, Robert Ford.  The purpose of the meeting was to advise salesmen that the commission/bonus program was changing and Plaintiff PRIOR and Steven Smith held the meeting to explain the changes.

9.

During the meeting, Robert Ford, became confrontational and accused JOHN PRIOR of calling Ford a liar.

10.

During the verbal exchange between Robert Ford and JOHN PRIOR, Robert Ford viciously attacked JOHN PRIOR striking him in the face and body, throwing PRIOR to the ground and beating him about the head and shoulders.

11.

Steven Smith, also present in the room, physically pulled Robert Ford off of Plaintiff PRIOR.

12.

During the attack, Plaintiff PRIOR did not retaliate or strike in self defense.

13.

Robert Ford was sent home immediately.

14.

As a result of the intentional, gross and wanton act of IESI employee, Robert Ford, Plaintiff suffered severe injuries, namely:

a.    Severe neck trauma;

b.    Neck and back injuries;

c.    Loss of wages, earnings and earning potential;

d.    Conscious pain and suffering;

e.    Loss of employability;

f.    Severe emotional distress;

g.    Deterioration of physical integrity, including debilitation of the musculature, skeletal and nervous systems, with the resulting physical impairment and permanent disability;

h.    The impairment of lifestyle;

i.      The resulting physical impairment and permanent disability, impairment of wage

        earning capacity, and loss of wages;

j.      Medical expenses (past, present and future); and

k.      Other yet unspecified injuries as will be shown at trial of this matter.

15.

Plaintiff PRIOR was injured while in the course and scope of his employment with Defendant

IESI.

16.

The injury to plaintiff PRIOR was caused solely by the fault of Defendant IESI by the

following acts committed by defendant, or alternatively by its employees, agents, or designees, for

which IESI is vicariously liable through the doctrine of respondent superior, such acts of commission

and/or omission to be non-exclusive and as follows:

A.      Failure of the defendant to maintain their premises in a safe and reasonable condition

        for it's occupant;

B.      Failure to properly supervise;

C.      Negligent retention and hiring;

D.      Failing to see that which they should have seen, or in seeing same, the failure to take

        appropriate corrective measures in removing Robert Ford from the premises;

E.      Failure to properly provide a safe work environment; and

F.      Vicarious liability for the actions by an employee brought on by a work related

        argument during business hours at the job site and in the course and scope of their

        employment.

G.     All such other acts of intentional tort and/or negligence discovered at trial or through

discovery.

17.

Due to the intentional nature of the acts against plaintiff, the doctrine of comparative fault does not apply and Defendant is liable for the entirety of the damages suffered by plaintiff.  La. C.C. Art. 2323(C).

18.

Defendant IESI is solidarily liable for the damage suffered by Plaintiff PRIOR as a joint intentional tortfeasor.

19.

Defendant breached its duty to plaintiff and is liable unto Plaintiff PRIOR under the provisions of Louisiana Civil Code Articles 2315, 2317 and 2320, in that Masters and employers are answerable for the damage occasioned by their servants.

20.

Alternatively, Plaintiff PRIOR avers that defendant IESI knew or was in a position to know of the violent predisposition of Robert Ford, failed to warn Plaintiff PRIOR and placed PRIOR in a volatile unsafe work condition which caused injury.

21.

At the time of the attack, Plaintiff PRIOR was being paid, he and Robert Ford were under the employer's power or control, Plaintiff PRIOR was performing a counseling session on behalf of the employer, during work hours, at both employees regular place of employment, for the benefit of the employer.

22.

Robert Ford was known to be confrontational and as such IESI had a reasonable expectation that Robert Ford could commit such an act against a fellow employee.

23.

At all times material hereto, Plaintiff PRIOR acted reasonable under the circumstances and was without fault for the violent attack that caused his damages.

## DEFAMATION

24.

Defendant defamed the character, name and reputation of Plaintiff PRIOR by publishing his termination and the false reason thereof to the employees of defendant, the general public and other employment agencies and companies.

## DISCLOSURE OF EMPLOYMENT RELATED INFORMATION

25.

Defendant IESI transmitted and continues to transmit knowingly false and deliberately misleading factual information regarding the reason for Plaintiff's termination in violation of La. R.S. 23:291 in that Defendant knew that Plaintiff did not fight Robert Ford but rather that Plaintiff was a victim of Robert Ford, yet Defendant reported and continues to report to the public and other prospective employers that Plaintiff engaged in fighting as a reason for termination.

26.

At all times pertinent hereto, physical violence in response to verbal altercation is illegal and not a valid defense.

## RETALIATORY DISCHARGE

27.

Plaintiff JOHN PRIOR remained at work after the attack by Robert Ford on or about May 28, 2009 while Steven Smith called corporate offices to inform of the attack and injuries to Plaintiff PRIOR.

28.

JOHN PRIOR had visible physical injuries to his face including lacerations on his nose and cheek that ultimately left scarring which put Defendant IESI on notice that Plaintiff JOHN PRIOR was injured and required medical treatment.

29.

Defendant IESI terminated JOHN PRIOR on or about May 28, 2010 in retaliation for his claim for workers' compensation benefits in violation of La. R.S. 23 § 1361.

30.

Defendant IESI terminated JOHN PRIOR on or about May 28, 2010 in retaliation for his complaint of illegal activity in violation of La. R.S. 23 § 967, namely assault, battery and negligent retention.

31.

Defendant's termination of plaintiff was based on JOHN PRIOR's work injury and was contrived to prevent plaintiff from receiving worker's compensation benefits to which he is lawfully entitled.

32.

In terminating plaintiff, Defendant IESI accused plaintiff of fighting and cursing, however, Plaintiff PRIOR never engaged in a fight, he was simply beaten and cursing is common place at Defendant's work place.

33.

As a result of this unlawful discharge/wrongful termination, defendant is liable unto plaintiff for the following:

A.    Any and all legal damages allowed under the laws of the State of Louisiana;

B.    Attorney's fees for the handling and prosecution of this matter pursuant to La. R.S. 23:1361.

C.    Wage penalties pursuant to statute.

D.    Interest on damages from date of judicial demand plus costs of these proceedings.

E.    Any other relief justice and equity demand.

## JURY DEMAND

34.

Pursuant to the Seventh Amendment of the Constitution of the United States and Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby formally requests his right to try this case in front of a jury of her peers.

WHEREFORE, Plaintiff JOHN PRIOR prays that Defendant IESI LA CORPORATION d/b/a COASTAL WASTE be cited and served with a copy of this complaint and after the expiration of all legal delays and due proceedings are had that there be judgment herein in favor of Plaintiff JOHN PRIOR and against the Defendant for all damages asserted herein, costs of court, attorney's

fees, legal interest and for any other relief justice and equity demand.

Respectfully submitted by:

_s/Jean-Paul Robert_
Jean-Paul Robert, Bar # 27628
Attorney at Law, L.L.C.
2315 S. Burnside Ave.
Gonzales, LA 70737
Tel:  (225) 647-9200
Fax: (225) 647-9300

_s/Joseph J. Long_
Joseph J. Long
Attorney at Law #25968
247 Florida Street
Baton Rouge, LA 70801
Tel: (225) 343-7288
Fax: (225) 267-5664